SLOAN & SCHWARTZ *vs.* VAN WYCK and others

G., being the owner of a patent right for the cities of New York and Brooklyn, and some tools, on premises leased by him, employed the plaintiffs to construct a planing machine, for him, to enable him to effectuate his interest in the patent right. He then sold his interest in the lease of the premises, with the tools and machines, and in the patent right, to V. Before the plaintiffs had commenced work upon the planing machine, G., accompanied by V., called on them and informed them that he (G.) had sold out his interest to V., who assented to the statement. The plaintiffs then proceeded with the machine, and completed it, and delivered the same to V. and charged him with the price. *Held* that V. could only be made liable upon the ground of an original promise; but that if he expressly or impliedly directed the plaintiffs to complete the machine, and the same was completed and delivered to him, he was bound to pay therefor.

*Held, also,* that a subsequent taking back of the machine, by the plaintiffs, would not prevent a recovery by them, where it appeared that they merely took it back for the purpose of making a sale thereof on account of V., without intending to discharge his liability.

THE complaint in this action alleged that the plaintiffs were copartners in the business of manufacturing machinery, in the city of New York, under the firm and name of Sloan & Schwartz, and were copartners in that business on and before the first day of November, 1850; that as such partners, the defendants, Theodore M. Hall, Roswell Green

and Pierre C. Van Wyck, were indebted to them on the 28th of March, 1851, in the sum of $3014.41, and interest thereon from and after the 28th day of March, A. D. 1851, beyond any credit or discount for the work and labor done and performed for the said defendants, and at their request, and for materials furnished for them prior to and including the said 28th of March, A. D. 1851. That the defendants Green and Hall, as the plaintiffs were informed by said Hall on or about November 1st, 1850, were anxious to have a machine built for the purpose of planing boards and plank, and tongueing and grooving the same, and he stated that he was a partner of said Green in the patent of said machine for the city of New York, and in the building of said machine; that they had a right to use the patent, which is known as "Kittle's Patent Floor Dressing Machine;" that the same was a new invention, and that they wished the plaintiffs to make the patterns for the machine, the castings and the machinery, and he applied to them for that purpose; that the plaintiffs agreed to go on and make said patterns, castings and machinery; that the said Hall and Green on their part agreed to pay the plaintiffs, as the work should progress, about one-half in cash, and upon the finishing the said machine, the whole amount should be paid in cash on the delivery of said machine; that the plaintiffs continued to work according to said request in the making the patterns, castings and machinery, until the same was duly finished, under the direction of the said Hall, or Green, or Van Wyck, one or all of them, or their agent, and superintending the building of said machine for them, or one of them, with the knowledge of the others. That the defendant Green sold out a portion of his interest in the said patent, castings and machine, to the defendant Van Wyck, some time in November, A. D. 1850, and that said Van Wyck thus became interested in the patent, and in the patterns, castings and machine, and in the building thereof, and he gave orders in relation thereto and in relation to other machinery connected with the same par-

Sloan *v.* Van Wyck.

ties. And the plaintiffs further stated that they frequently applied to one, some or all of the defendants, for payment on account of the said work upon the patterns, castings and machine, and for the materials furnished; that the only money received for said work and materials done or furnished for said patterns, castings and machine, in pursuance of such orders, was the sum of $250, paid in the name of Hall and Van Wyck, two of the defendants, and that said sum is credited upon the bill for work, and that the first sum herein mentioned is exclusive of this said sum of $250. That the machine was furnished and put up under the care, direction and superintendence of the defendants, or some one of them, or of some person or persons acting for each and all of the defendants, or some one of them, and so completed on the 28th day of March, 1851, when the entire amount of money should have been paid according to said agreement; that the agent of the defendants, or a person acting in that capacity, or in some way interested in said machine, promised to come and pay the plaintiffs $1000, a portion of the said money, on the day the machine was taken away, as hereinafter mentioned; and the defendants often spoke of the payment of the money for the machine as being ready, and that upon such promises and assurances, and only such, the plaintiffs allowed the machine to be taken to No. 71 Twenty-second street, to be put up for trying the same, and only upon such terms and agreements did the plaintiffs consent that the said machine should be put up; that the plaintiffs put up the said machine; that the said Green and Van Wyck were present many times when the machine was being put up, and made an appointment with the plaintiffs to meet them within a few days after the machine was put up, to pay the plaintiffs, but the said defendants did not meet the plaintiffs as they agreed to do; that they worked the machine and found no fault with it. That said machine was set up for show and exhibition, at No. 71 Twenty-second street, in the city

of New York; that the defendants, not paying them for said work, labor and machine, the plaintiffs, after giving one or more of the defendants notice thereof, had taken said machine down, and now have the same in their possession; that they have tendered the said machine to the defendants and demanded payment for the same, and that they are now ready and willing to deliver the said machine to the defendants upon being paid therefor, and for the work done in relation thereto, at the request of one or all of the defendants, or their agent; that the same is a valuable machine for the planing of boards, but that the patent is held by all or some of the defendants, or a portion of said patent is held by some one or all of said defendants.

The plaintiffs, together with other relief, prayed judgment against each and all of the defendants, and such others as might be discovered, as should be just and proper, and for the sum of $3000.41, and interest from the 28th day of March, A. D. 1851, and the costs of this action.

The defendant Van Wyck alone appeared. He put in an answer denying the material allegations of the complaint, and alleging that he did not order said machine, or give any orders relating thereto, or become responsible to the plaintiffs to pay for the same in any way, or upon any terms or conditions whatever, nor had he at any time ever held any interest in said machine of any kind, either by purchase or otherwise, nor did he ever become liable to the plaintiffs in any way for any alleged work, labor, materials or machinery, in any manner connected with said machine. That said machine was not worth the amount claimed in the complaint, but, on the contrary thereof, the said machine was wholly and entirely valueless, for the purposes for which it was built, and of no practical use whatever. That said machine was built for planing, tongueing and grooving boards, but the same, in those respects, proved a perfect failure after being fully tried, and wholly unfit and of no value for any such

Sloan *v.* Van Wyck.

purpose; that at the time of the commencement of this action the plaintiffs held said machine and machinery, and every thing connected therewith, in their possession and as their property, and some time in the year 1852 sold the same as their property, and on their own account, for a large sum of money, to wit, about $1300, and received said sum in payment, and if there is any portion of said machine, machinery or patterns unsold, they yet retain the same in their possession and as their property. And the defendant alleged that the plaintiff never tendered said machine or machinery, or any part thereof, to him, or claimed that he was liable therefor, before the commencement of this action. That the plaintiffs were fully paid and satisfied, before the commencement of this action, for all claims and demands they had against the defendant, and he was fully released and discharged therefrom.

Wherefore the defendant demanded that the complaint be dismissed, and that he have judgment against the plaintiffs, with costs.

The action was tried before a jury, who found a verdict in favor of the plaintiffs, and from the judgment entered thereon, and from an order made at a special term denying a motion for a new trial, the defendant Van Wyck appealed.

*Charles N. Black*, for the appellant.

*C. Bainbridge Smith*, for the plaintiffs.

*By the Court*, CLERKE, P. J. If Van Wyck is liable at all, it is on the ground of an original promise. The machine, for the making of which this action is brought, was ordered in the first instance by Green, who was the owner of a Kittle's machine, and some tools which he had, on premises rented by him in 22d street. This machine was ordered, to enable him to effectuate the interest which he had in the

patent right in that machine for the cities of New York and Brooklyn. After the machine was ordered, Green sold to Van Wyck his interest in the lease of the building in 22d street, with the tools and machines therein, and also his interest in the patent right in Kittle's invention. This was on the 17th of November, 1850. Before the commencement of the work, according to the testimony of Schwartz, Green called on him, accompanied by Van Wyck, and stated that he had sold out his interest to Van Wyck, who assented to the statement. After this, the plaintiff proceeded with the machine and completed it.

Although the machine was, in the first instance, ordered by Green, yet if Van Wyck expressly or impliedly directed the plaintiffs to complete it, and if they delivered it to Van Wyck, the latter is liable to pay for the work; and the plaintiffs having chosen to charge Van Wyck, and having delivered it to him, had no claim against Green.

The questions of fact, upon which these propositions depend, were fairly put to the jury; and I see nothing, in this respect, in the judge's charge, of which the defendant can complain.

The complaint contains a great deal of unnecessary matter; but, however inconsistent with the general allegations some of the statements, which are mere recitals of evidence, may be, yet those general allegations contain enough to sustain a claim for work and labor; and the judge properly refused to dismiss the complaint on the ground that it did not show an original promise.

As to the taking back of the machine by the plaintiffs, after it was delivered to Van Wyck, the judge expressly charged the jury "if the plaintiffs intended to take the machine as a substitute for his debt, and to relieve the defendant from all liability, then they could not claim for it in this suit; but if they merely took it for the purpose of making a sale on account of Van Wyck, then it was not a circumstance

which prevents their recovering." This question could not be left to the jury in clearer terms.

On the whole, I see no reason why the verdict should be disturbed.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke*, Justices.]